## WILLIAMS v. PADELINETTI.

[No. 10,358.    Filed April 28, 1920.]

1.  REPLEVIN.—*Elements of Action.*—In order for plaintiff in replevin to recover, he must prove that he is the owner of the property involved, or that he is entitled to the possession thereof, and that defendant had wrongfully taken the property from him and detained it, or that he wrongfully detained it. p. 217.

2.  SALES.—*Transfer of Title.*—*Bill of Sale.*—Where an employe operating an automobile for livery purposes desired to purchase the same and, to enable him to obtain a loan for that purpose, a bill of sale for the car was made to him, there being no change of possession, there was no sale consummated, where the employe failed to negotiate the loan or to make any payment on the car.   p. 217.

3.  APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —Error, if any, in the admission of evidence is harmless, where the right result was reached.   p. 217.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Henry Williams against Walter Padelinetti. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*D. M. Kinder,* for appellant.
*Tinkham & Tinkham* and *Defrees, Buckingham & Eaton,* for appellee.

NICHOLS, C. J.—This was an action in replevin by which appellant sought to obtain possession of two automobiles. Judgment was in favor of appellee, and appellant's motion for a new trial was overruled. This action of the court is the only error relied upon. In order to recover, it was necessary that appellant prove that he was the owner of the automobile, or that he was entitled to the possession thereof, and that appellee had wrongfully taken the property from him and detained it, or that he wrongfully detained it. It appears from the evidence that the cars involved were the property of the Chicago Pilot Motor Car Company, and were being operated for livery purposes in the city of Gary, Indiana, with appellee as manager, and appellant as an employe driver. Appellant desired to purchase the cars and, to enable him to negotiate a loan for that purpose, appellee made him a bill of sale for both cars. There was no change of possession, appellant continuing to operate the cars, but, failing to negotiate the loan, or to make any payment on the cars, and failing to account for the proceeds of operating the cars, appellee placed the cars in storage. Appellant, after demand, commenced this action. The evidence is undisputed that no consideration whatever was ever paid. The sale was not consummated, and appellant failed to show any lawful right of possession. There was no error in admitting the evidence challenged by appellant and, even if

there were, no harm was done, for a right result was reached.    The judgment is affirmed.

McMahan, J., not participating.